| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

UNITED STATES OF AMERICA §
§
*versus* § CASE NO. 4:14-CR-76
§
NEAL RAVON TAYLOR §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Neal Ravon Taylor's ("Taylor") *pro se* Motion for Extension of Time to Appeal (#77), wherein he seeks a second extension of time to appeal the court's Memorandum and Order (#74) denying his Motion for Compassionate Release (#72). Having considered the pending motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

On February 1, 2021, the court denied Taylor's motion for compassionate release. Thus, the 14-day period for filing a notice of appeal expired on February 15, 2021. *See* FED. R. APP. P. 4(b)(1)(A)(i) (requiring that a defendant in a criminal case file a notice of appeal within 14 days after the entry of the judgment or order being appealed); FED. R. APP. P. 26(a)(1)(C) (directing courts to include the last day of a period unless it falls on a Saturday, Sunday, or legal holiday); *United States v. Leijano-Cruz*, 473 F.3d 571, 572 (5th Cir. 2006). Rule 4(b)(4) allows the district court to grant an additional thirty days in which to file a notice of appeal upon a finding of excusable neglect or good cause. *See* FED. R. APP. P. 4(b)(4) (stating that "[u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)"); *United States v. Perdomo*, 619 F. App'x 379, 380 (5th Cir. 2015); *Leijano-Cruz*, 473 F.3d at 572.

Notably, in its March 10, 2021, Memorandum and Order (#76), the court determined that Taylor demonstrated good cause for extending the time in which to appeal under Rule 4(b)(4). As a result, the court granted Taylor's initial request for an extension of time to file his notice of appeal. The court extended Taylor's deadline to file his notice of appeal to March 17, 2021—30 days after the 14-day period designated for Taylor to file his notice of appeal.

In his motion, Taylor claims that he did not receive notice of the court's order extending his deadline until March 24, 2021, one week after his deadline to file a notice of appeal. While the court is sympathetic to Taylor's situation, the Fifth Circuit has explained that "in no case may a district court extend the time more than thirty days after the expiration of the [fourteen] day period," even upon a showing of excusable neglect.[1] *United States v. Gomez-Hernandez*, No. C-06-343, 2007 WL 737410, at *2 (S.D. Tex. Mar. 7, 2007) (quoting *United States v. Adams*, 106 F.3d 646, 647 (5th Cir. 1997)); *accord Perdomo*, 619 F. App'x at 380; *United States v. Willis*, 431 F. App'x 364, 365 (5th Cir. 2011) ("Rule 4(b)(4) allows a district court to extend the appeal period no more than 30 days beyond the original deadline for filing a notice of appeal upon a showing of excusable neglect or good cause."). Here, Taylor's motion for a second extension of time was filed three weeks past the deadline imposed by Rule 4(b)(4). FED. R. APP. P. 4(b)(4); *see Willis*, 431 F. App'x at 365 (affirming district court's denial of motion to extend time when defendant's motion was filed outside the 30-day window); *United States v. Torres-Jacinto*, 300 F. App'x 292, 293 (5th Cir. 2008) (noting that the appellate court may not reverse a district court's enforcement of the time limitations set forth in Rule 4(b) where the defendant did not file

---

[1] The court notes that it contacted Taylor's attorney of record to ensure that Taylor would be notified of the court's order given the time-sensitive nature of his extended deadline. In any event, it appears that Taylor's attorney failed to provide him such notice.

2

his notice of appeal "within the time for extending the appeal period"); *United States v. Cantwell*, 470 F.3d 1087, 1088 (5th Cir. 2006); *see also Perdomo*, 619 F. App'x at 380 (dismissing an appeal as untimely when a defendant failed to file notice of appeal within 14 days or request an extension within 30 days of judgment being entered); *United States v. Cabrera-Hernandez*, 559 F. App'x 341, 341 (5th Cir. 2014) (upholding the district court's denial of a motion to extend the time to appeal where the defendant's motion "was filed beyond the 30-day time limit for extending the appeal period under FED. R. APP. P. 4(b)(4)"). Accordingly, Taylor's *pro se* Motion for Extension of Time to Appeal (#77) is DENIED.

SIGNED at Beaumont, Texas, this 9th day of April, 2021.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE