| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 4:14-CR-76 |
| | § | |
| NEAL RAVON TAYLOR | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Neal Ravon Taylor's ("Taylor") *pro se* Motion for Leave to Appeal *In Forma Pauperis* (#80), wherein he seeks leave to proceed *in forma pauperis* ("IFP") on his appeal of the court's Memorandum and Order denying his request for compassionate release (#74). Having considered the pending motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

Under certain circumstances, the court may grant a party leave to proceed on appeal without prepaying or giving security for fees and costs. *See* 28 U.S.C. § 1915(a); FED. R. APP. P. 24(a). To proceed IFP, a party must submit an affidavit that includes a statement of all assets he possesses demonstrating his inability to prepay or give security for fees and that states the nature of the appeal and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). A prisoner who seeks to proceed IFP must also submit a certified copy of his trust fund account statement or institutional equivalent for the 6-month period immediately preceding the filing of the notice of appeal. *Id.* § 1915(a)(2). If granted leave to proceed IFP, a prisoner is still obligated to pay the full amount of the filing fee over time, when funds exist, through an initial partial filing fee and monthly installments withdrawn from the prisoner's account. *Id.* § 1915(b)(1), (2); *Hawes v. Stephens*, 964 F.3d 412, 417 (5th Cir. 2020). A prisoner may proceed IFP on appeal only if he is economically eligible and presents a nonfrivolous issue. *Carson v. Polley*, 689 F.2d 562,

586 (5th Cir. 1982); *accord United States v. Rutherford*, 831 F. App'x 713, 714 (5th Cir. 2020).

An issue is not frivolous if it involves "legal points arguable on their merits." *Howard v. King*,

707 F.2d 215, 220 (5th Cir. 1983); *accord United States v. Castillo-Chavez*, 828 F. App'x 207,

207 (5th Cir. 2020).

      As an initial matter, Taylor has not complied with the requirements of 28 U.S.C.

§ 1915(a)(2) because he failed to submit a certified copy of his trust fund account or an

institutional equivalent for the 6-month period before filing his notice of appeal. Moreover,

Taylor untimely filed his notice of appeal on April 12, 2021—nearly a month after the extended

March 17, 2021, deadline. *See* FED. R. APP. P. 4(b)(4). Accordingly, Taylor's *pro se* Motion

for Leave to Appeal *In Forma Pauperis* (#80) is DENIED.

      SIGNED at Beaumont, Texas, this 25th day of June, 2021.


                    _____

                      MARCIA A. CRONE
               UNITED STATES DISTRICT JUDGE